## WEST TEXAS CONST. CO. et al. v. LIBER-TY NAT. BANK OF OKLAHOMA CITY et al.

### No. 967.

Court of Civil Appeals of Texas. Eastland.

March 25, 1932.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellants.

York & Camp, of Abilene, for appellees.

HICKMAN, C. J.

It is unnecessary to make a detailed statement of this case, for, as it comes to this court, the only contention is between appellant, West Texas Construction Company, one of the defendants below, and appellee G. Tom Beaver, one of the plaintiffs below, who is the only real appellee in this cause, and a statement of the issues between these parties will suffice.

The suit was instituted by appellee against appellant and a number of other parties in trespass to try title and to remove cloud from title by having canceled a paving certificate under which appellant claimed a lien against a house and lot claimed by appellee and situated in the city of Abilene. Appellee's title to the property was acquired through a deed by a trustee under a deed of trust. His petition alleged that appellant was claiming a lien upon or some interest in the property, the exact nature of which was unknown to him, but which claims were alleged to be inferior to his title. Appellant's answer consisted of a general demurrer, general denial, and a special answer, alleging that it was the owner and holder of a paving lien against the property described in the petition, and that said lien was a first and superior lien against said property. The prayer was that said lien be adjudged and decreed to be a first and superior lien, and that appellee take nothing by reason of his suit as against appellant. The answer contained a cross-action, but same was abandoned and need not be here noticed.

The deed of trust through which appellee derived his title was executed by H. C. Earnest to secure an indebtedness owing by him, evidenced by a promissory note payable in installments. After this deed of trust was executed, Earnest, according to a finding by the jury, conveyed the property to his daughter, Clyde Madding, wife of Roy Madding. After this deed was executed and the Maddings took possession of the property, the necessary steps were taken by the authorities of the city of Abilene to pave a street upon which this property abutted, and the certificate relied on by appellant as a lien upon the property was the one issued to it by the city in accordance with the contract under which it did this paving. It was the contention of appellee that appellant's asserted lien was void, because, at the time the proceedings for paving the street were instituted, and at the time the paving certificate was issued, the property was the homestead of Roy Madding and wife, Clyde Madding. Appellant insisted that the property belonged to H. C. Earnest and was not the homestead of the Maddings. Most of the evidence offered upon the trial of the case related to that issue. Both Mr. and Mrs. Madding denied that Earnest had ever deeded them the property. A notary public testified that he had taken the acknowledgment of Earnest to such a deed and had himself in person delivered same to Mrs. Madding. Many circumstances were testified to tending to corroborate the testimony of the notary public. The issue of fact thus joined was submitted by the court to the jury in the form of a special issue, as follows: "Did H. C. Earnest execute and cause to be delivered to Mrs. Roy Madding a deed to the property in question, prior to February 11th, 1927?" To this issue the jury answered "Yes." Upon this answer judgment was rendered in favor of appellee, in accordance with his prayer above noticed. The date, February 11, 1927, mentioned in the special issue, was the date of the resolution ordering the street improvements.

682

Appellant's brief makes a fair statement of the real issue involved in this language: "The question of priority of liens in this case, therefore, is determined by the question of whether or not the property in question was the homestead of Roy Madding and wife Clyde Madding on February 11th, 1927, the date of the resolution ordering the paving of this street." It is agreed that no lien attached on account of such paving if the property was in fact the homestead of the Maddings, but it is contended that the evidence does not support the finding of the jury that Earnest conveyed this property to his daughter, Mrs. Madding.

We cannot sustain this contention. The positive testimony of the notary public above stated was sufficient within itself to raise the issue, but the record contains many corroborating facts, a few of which will be mentioned. Payments on the note secured by the deed of trust were made by the Maddings after they took possession of the property. Fire insurance policies were taken out in their name. Before the work was done appellant procured from Mr. and Mrs. Madding a mechanic's lien against this property as security for their portion of the paving expense. This lien is not relied upon by appellant. Had it been, it would clearly have been inferior to the prior mortgage lien under which appellee deraigned his title. These facts and circumstances taken together abundantly support the jury's findings.

We cannot agree with the contention of appellant that the evidence establishes, as a matter of law, that it was an innocent purchaser, and entitled to protection as such. No pleading of innocent purchaser was contained in its answer, and no issue submitted to the jury thereon. Mr. and Mrs. Madding were in possession of this property at the time the first resolution was passed, and at all times until after the paving was completed. Their deed was not of record, but, as noted, appellant, before doing the work, negotiated with Mrs. Madding as the owner of the property and procured from her a mechanic's lien to secure it for the indebtedness to accrue by the performance of the work. These facts constitute some evidence of notice to appellant. At any rate, we could not say that the undisputed evidence showed that it had no notice of the homestead claim of the Maddings.

There are a number of assignments complaining of the action of the court in admitting testimony. We have carefully considered each of them and are convinced that no one of them presents reversible error. In his petition appellee called upon appellant and the other defendants to produce the deed from Earnest to Mrs. Madding, and gave notice that, if same was not produced, secondary evidence of its contents would be offered.

An effort was made by appellee's counsel before the case came up for trial to have the parties produce the deed. This was sufficient predicate for the introduction of secondary evidence concerning the deed, and all objections predicated upon the theory that the deed was the best evidence were properly overruled.

The testimony regarding different circumstances corroborating the theory of the execution and delivery of the deed was not irrelevant and immaterial. It was proper for the court to admit evidence concerning related matters that threw light upon this question, in view of the fact that there was positive testimony both affirming and denying its execution and delivery. All the evidence admitted had some bearing on this issue.

There is no reversible error pointed out in appellant's brief, and the judgment of the trial court will therefore be affirmed.