## F. F. KLEIN ET AL. V. HUMBLE OIL & REFINING COMPANY ET AL.

No. 6737. Decided October 16, 1935.
Rehearing overruled January 15, 1936.
(86 S. W., 2d Series, 1077.)

*J. B. Lewright, Gaines, Gaines & Roberts* and *Lewright & Lewright,* all of San Antonio, for plaintiffs in error.

F. F. Klein having acquired from Robert Stein the title to 60 acres of land described in his deed from Stein, less the one-eighth mineral right severed from such estate in this deed, could convey only the estate so acquired, and, having undertaken to convey such estate, less one-eighth of the oil and gas lying under the east ten acres of the tract, conveyed only six-

eighths of the mineral estate in said ten acres, one-eighth of such estate remaining in him. Doty v. Barnard, 92 Texas, 105; Hooks v. Neill, 21 S. W. (2d) 532; Hager v. Stakes, 116 Texas, 453, 294 S. W., 835.

*Ben H. Powell,* of Austin, *Wirtz & Weinert,* of Seguin, *E. E. Townes, R. E. Seagler, K. W. Gilmore,* and *J. Q. Weatherly,* all of Houston, for defendant in error Humble Oil & Refining Co., and *Joseph B. Dibrell,* and *P. E. Campbell,* both of Seguin, and *Phillips & Phillips,* of Dallas, for defendants in error Baker.

The effect of the reservation in the deed of Stein, the original owner, by which the tract of land was conveyed to Klein, was an unmistakable carving out of independent and separate estate in the land to the extent of a one-eighth interest in the minerals in the east ten acres of the tract. It could be conveyed only by Stein and his wife. The carving out of such estate was a complete severance of that interest from the balance of the land. Humphrey-Mexia Co. v. Gammon, 113 Texas, 247, 254 S. W., 296; 29 A. L. R., 607; Lloyd v. Sandusky, 203 Ill., 621, 68 N. E., 154; Wallace v. Hoyt, 225 S. W., 425.

MR. JUDGE HICKMAN delivered the opinion for the court.

The only controversy in this suit concerns the mineral estate in the east 10 acres of a certain 60 acre tract of land in Guadalupe County. The mineral estate in the entire 60 acres is involved, but there is no dispute as to the west 50 acres of the tract. Robert Stein and wife conveyed the entire tract of 60 acres by general warranty deed to F. F. Klein, reserving, however, 1/8 of the mineral rights in the east 10 acres. Klein and wife later conveyed the same 60 acre tract by general warranty deed to D. D. Baker, excepting 1/8 of the mineral rights in the east 10 acres. D. D. Baker executed and delivered to H. H. Weinert an oil and gas lease on the same 60 acres. This lease was subsequently assigned by Weinert to Humble Oil & Refining Company, hereinafter referred to as the Humble Company, which discovered and produced large quantities of oil from the east 10 acres. Klein, claiming to have reserved to himself in his deed to Baker 1/8 of the mineral rights in the east 10 acres, conveyed to persons not necessary here to name fractional interests in 1/8 of the minerals thereunder. The Humble Company refused to recognize the claim of Klein and his vendees and they instituted this suit against it to recover the value of 1/8 of all oil theretofore produced and

thereafter to be produced from said 10 acres. The Humble Company, by bill of interpleader, brought into the suit all record owners of any interest in the minerals in the entire 60 acres of land, including D. D. Baker and Robert Stein. Baker filed a cross-action, claiming that in his lease to Weinert he reserved to himself a royalty interest of 1/8 of 7/8 of the minerals in the east 10 acres.

In a non-jury trial judgment was rendered denying any recovery to the plaintiffs, Klein and his vendees, and decreeing to the Humble Company all of the leasehold rights, title and interest in and to all of the minerals in the entire 60 acre tract, subject only to the payment of a 1/8 royalty to the various parties named in the judgment. As regards the east 10 acres these various parties were the owners of the 1/8 interest reserved by Stein. Baker recovered as the owner by purchase from Stein of a portion of his reserved 1/8 interest, but was denied any recovery on his cross-action against the Humble Company, wherein he claimed to have reserved to himself a royalty interest in his lease to Weinert.

The Court of Civil Appeals affirmed that portion of the judgment denying a recovery to the plaintiffs below, F. F. Klein, and assigns, but reversed that portion of the judgment denying Baker any recovery on his cross-action for the royalty interest claimed to have been reserved by him in his lease, and rendered judgment in his favor for the value of 1/8 of 7/8, or 7/64, of the minerals in the east 10 acres. 67 S. W. (2d) 911. Klein and his assigns joined in an application for writ of error and the Humble Company filed a separate application. Both applications were granted, and the entire controversy with respect to the mineral rights in the east 10 acres is before us for decision. We shall first dispose of the issues presented by Klein and his assigns.

Robert Stein and wife conveyed 60 acres of land to Klein by warranty deed. The deed described the land by metes and bounds and contained the following provision:

" 'Grantors herein, however, reserve for themselves, their heirs and assigns, one-eighth (1/8) of all mineral rights in and under Ten (10) acres of land, running north and south, on the east end of the 60 acres herein conveyed, and it is understood and agreed that if no production of oil is had on said Ten (10) acres within a period of Twenty (20) years, this reservation shall terminate and become null and void, and it is further understood that grantors herein are not to participate in any oil lease or rental bonuses that may be paid on any lease on said

above described land, and hereby waive any rights they may have or be entitled to in any future oil or gas lease.' "

Later, Klein and wife conveyed the same tract by the same metes and bounds to D. D. Baker, that deed containing the following provision:

" 'There is however excepted from this conveyance 1/8 of all mineral rights in and under Ten acres of land running north and south on the east end of said 60 acres, and it is understood that if no production of oil is had on said 10 acres within a period of Twenty years from May 29, 1928, then this reservation shall lapse. Also understood that the owner of said rights is not to participate in any oil lease or rental bonuses that may be paid for any lease, and have no interest in any future oil and gas lease.'

" 'The property herein conveyed is the same conveyed to us by Robert Stein and wife by deed dated May 29, 1928, and recorded in Guadalupe County, Deed Record Book 97, p. 398.' "

All parties admit that, in their deed to Klein, Stein and wife reserved to themselves a determinable fee to 1/8 of all mineral rights in and under the east 10 acres. It is the contention of Klein and those claiming under him that Klein and wife in their deed to Baker excepted for themselves an additional 1/8 of all mineral rights in the east 10 acres. With respect to this contention the Court of Civil Appeals held that the deed from Klein and wife to Baker conveyed all of the interest they had in the property; that the exception contained therein had the effect of excluding from the conveyance only the 1/8 reserved by Stein and wife in their deed to Klein, and that the purpose of the Klein exception was to protect their warranty as against the Stein reservation.

■ Much of the opinion of the Court of Civil Appeals is devoted to a discussion of this question. We are in full agreement with that holding, and we do not deem it necessary or desirable to enter into another discussion of that phase of the case. We have examined the assignments presented in the application of Klein and his assigns for a writ of error and find them well answered by the opinion of the Court of Civil Appeals.

A further statement is necessary to an understanding of the issues between Baker and the Humble Company. Owning, as we have held, all of the 60 acres, except 1/8 of the mineral rights in the east 10 acres, Baker executed a mineral lease

to H. H. Weinert containing the following provisions material to this decision:

In consideration of $90.00 cash, the royalties therein provided and the agreements of lessee therein contained, it was recited that the lessor "hereby grants, leases and lets exclusively unto lessee for the purpose of prospecting and drilling for and producing oil and gas * * * all of a tract of 60 acres" (described by metes and bounds as in the Stein and Klein deeds.) The deed excepted from the grant 8/10 of an acre theretofore conveyed to Guadalupe County, but no question is presented with reference to that exception and it will not be further referred to. Following this exception was the recital: "This being the same land conveyed to me by F. F. Klein by a deed of record in the Deed Book 98, p. 401-2." The oil royalty reserved by lessor and to be paid by lessee was 1/8 of that produced and saved from the land. In the last paragraph and following the covenants of warranty was this provision: "If lessor owns an interest in said land less than the entire fee simple estate, then the royalties and rentals to be paid lessor shall be reduced proportionately."

■ We understand Baker's position to be that the effect of the reservation by Stein and wife of 1/8 of the mineral rights in the east 10 acres was to sever for themselves an estate, making it a "different corpus" from the rest of the land; that Baker had not the power to include this Stein estate in the lease to Weinert and that he did not purport to do so. Accordingly, it is claimed by him that in his lease he reserved for himself as a royalty 1/8 of the oil in the west 50 acres and 1/8 of 7/8 or 7/64 of the oil in the east 10 acres. Stated differently, he claims that there passed to Weinert under the lease 7/8 of the oil in the west 50 acres and 7/8 of 7/8, or 49/64, of the oil in the east 10 acres. This claim was rejected by the trial court, but sustained by the Court of Civil Appeals.

Many interesting questions are ably discussed in the elaborate briefs of the respective counsel, but, as we view the case, the issues between Baker and the Humble Company are determined by two conclusions, and we shall limit our discussion thereto. Our conclusions are, (1) that Baker had the power and authority to include the Stein interest in his lease to Weinert, and, (2) that he purported to, and did in fact, include that interest in said lease. These conclusions call for some elaboration.

It is our duty to ascertain and give controlling effect to the

intention of the parties as reflected by the different instruments. In the reservation contained in the deed from Stein and wife to Klein, above copied, appears this provision: "* * * and it is further understood that grantors herein are not to participate in any oil lease or rental bonuses that may be paid on any lease on said above described land and hereby waive any rights they may have or be entitled to in any future oil or gas lease." We must ascribe some meaning to this language. At least, it discloses that the parties contemplated that a mineral lease would be executed. The only persons with authority to execute the lease would be the owners of the minerals, and the Steins waived their right to participate in it. Impliedly, if not expressly, that waiver was in favor of the vendee, Klein, and his assigns. Without resort to other instruments interpreting this language, we incline to the view that it should be construed as empowering Klein and his assigns to subject Stein's interest to a mineral lease, but, when resort is had to other instruments appearing in the record, all doubt as to the intent so to empower them is removed. On the 26 day of November, 1928, after the lease to Weinert had been executed and delivered and before Weinert assigned same to the Humble Company, there was spread of record an instrument signed and acknowledged by Stein and Baker which reads as follows:

"THE STATE OF TEXAS,
"COUNTY OF GUADALUPE.

"WHEREAS, it has come to my attention that there is some misunderstanding as to my rights in the minerals in and under ten acres of land in the Jacob Darst Survey in Guadalupe County, Texas, now owned by D. D. Baker of Guadalupe County, Texas.

"AND WHEREAS I am desirous of making this explanation and agreement.

"THEREFORE, I, Robert Stein, hereby say and certify that it was not necessary for us to join in a lease of aforesaid land from D. D. Baker to H. H. Weinert because my interest is entirely a royalty interest and it is plainly recited in the deed from myself to F. F. Klein which is of record in Deed Record Book 97, pages 298-9, Guadalupe County, Texas, that I waive all of my rights in any oil or gas lease and shall only retain a royalty.

"WHEREAS D. D. Baker has acquired a portion of the royalty belonging to Robert Stein, he joins in the execution of this instrument.

"WITNESS our hands this 26th day of November A. D. 1928.

"(Signed) Robt. Stein,
D. D. Baker."

(Acknowledgement)

This instrument expresses the interpretation which Stein and Baker placed upon the language of the Stein reservation, and, to our minds, makes clear the real intent of the parties. It declares that it was not necessary for Stein to join in the lease, not, as claimed by Baker, because it did not include the Stein interest, but because that interest was entirely a royalty interest. It interprets the Stein deed as plainly reciting that Stein "shall only retain a royalty." The recital that it was not necessary for Stein to join in the Baker lease to Weinert indicates that Stein and Baker considered that the lease was just as effective as if Stein had joined in its execution; that the joinder by Stein would have added nothing thereto. It recites that the Stein interest is a royalty interest, and that Baker "has acquired a portion of the royalty belonging to Robert Stein." The declaration that it is a royalty interest means that it has been bought under the terms of the lease.

The record furnishes further evidence of the intention of the parties. Various deeds, some executed by Stein and others by Baker, were introduced in evidence. The recitals in these deeds clearly indicate that it was thought that the Stein interest was royalty, and the only royalty, under the lease. One of these deeds will be referred to specifically. On July 30, 1928, after the lease was executed, Baker conveyed to F. F. Klein one-half of his ⅛ royalty interest in 10 acres of land covered by the lease, it being 10 acres lying immediately west of the east 10 acres in controversy. This language is taken from that deed:

"One-half of my one-eighth royalty interest in and to all of the oil, gas and other minerals in and under and that may be produced from the following described land, situated in Guadalupe County, Texas, to-wit:

"Ten acres out of a sixty acre tract, a part of the Jacob Darst twenty-four league survey, being ten acres cut off by a line running due North and South, off the East side of the remaining fifty acres after the most Eastern ten acres of said sixty acre tract have been cut off by a line running due North and South *on which most Eastern ten acres R. Stein retains the one-eighth royalty. The ten acres to be hereby covered lies*

*immediately West of the ten acres upon which the royalty is retained by said Stein.* (Emphasis ours.)

A consideration of the various instruments convinces us that it was the intention of the parties to the deed from Stein to Klein that the mineral estate reserved was to become a royalty interest under any lease thereafter executed, and that Klein and his assigns had the authority to subject that interest to the terms of a lease.

In support of our conclusion that the lease from Baker to Weinert purported to convey and did convey $7/8$ of the minerals, but little need be written. If, as we have concluded, Baker had the authority to subject the Stein reservation to the terms of the lease, there can be no question that he purported to exercise and did exercise that authority. The lease covered 60 acres of land specifically described by metes and bounds. The general reference in the lease to the land as the same tract conveyed by Klein to Baker cannot be made to control the specific description. Cullen v. Platt, 81 Texas, 258, 16 S. W., 1003; Sanger Bros. v. Roberts, 92 Texas, 312, 48 S. W., 1. Neither does the provision common to oil leases that, if the lessor owns less than the entire fee simple estate, the royalties shall be reduced proportionately, operate to reduce the estate which the lessor purported to convey. Such construction of that provision would give it the effect of nullifying the warranty. All parties agree that only $1/8$ royalty was reserved in the lease. We hold that, as to the east 10 acres, it was the Stein royalty.

It is our conclusion that the rights of all parties were correctly decreed by the trial court. In so far as the judgment of the Court of Civil Appeals affirms the judgment of the trial court, it is affirmed, but, in so far as it reverses the judgment of the trial court, it is reversed and the judgment of the trial court is in all things affirmed.

Opinion adopted by Supreme Court October 16, 1935.

Rehearing overruled January 15, 1936.