**BENGE et al. v. SCHARBAUER et al.**

No. 4895.

Court of Civil Appeals of Texas. El Paso.

Oct. 29, 1952.

Rehearing Denied Nov. 19, 1952.

Naman, Howell & Boswell, Waco, Wilson, Wilson & Logan, San Angelo, Douglas Ford, Dallas, for appellants.

Whitaker, Turpin, Kerr, Smith & Brooks and Stubbeman, McRae & Sealy, Midland, Earl A. Brown and R. T. Wilkinson, Jr., both of Dallas, for appellees.

SUTTON, Justice.

This is an appeal from the District Court of Midland County.

The trial was to a jury, but at the conclusion of the evidence the Court instructed a verdict in favor of Clarence Scharbauer and Ruth Scharbauer, known in the record as the "Scharbauer defendants" and judgment followed accordingly. The Benge defendants are the principal complainants on this appeal. The Magnolia Petroleum Company brought the suit as a stakeholder to construe a deed and to have it determined to whom it should pay certain royalties due under a producing oil and gas lease on the lands involved and the lands conveyed in the deed to be construed.

On December 17, 1941, Clarence Scharbauer and wife owned six surveys of land situated in Midland County, which were by deed of that date conveyed to A. H. Benge of Tom Green County for a recited consideration paid and secured to be paid. The lands were described by Block, Section, Certificate, Grantee and acres, the deed reciting that the grantors did "Grant, Sell and Convey" unto the grantee, * *' * "All that certain lot, tract or parcel of land known and described as follows" (here follows the description as indicated) and following the last listed tract the deed continues without mark of punctuation, "All in Midland County, Texas; saving, excepting and reserving to the grantors herein, however, an undivided three-eighths (⅜) of all the oil, gas and other minerals, in, to and under said above described lands, but the grantee and his assigns shall have the sole power to execute all future oil, gas and other mineral leases without the joinder of the grantors herein, but said leases shall provide for the payment of three-eighths (⅜) of all the bonuses, rentals and royalties to the grantor."

Then follows the habendum and general warranty provisions.

■ ■ It is undisputed and agreed that ·at the time this deed was executed there was an outstanding one-fourth mineral interest in other parties and that the grantors in the deed only owned three-fourths, or six-eighths of the minerals.

The controversy concerns the construction of the quoted provision of the deed wherein the grantors saved, excepted and reserved the mineral interest. The Scharbauers contend on the one hand, which contention was sustained by the judgment of the trial court, they saved, excepted and reserved to themselves one-half of the six-eighths of the minerals owned by them on the date of the conveyance and are entitled to three-eighths of the bonuses, rentals and royalties as plainly reflected by the provision of the deed. The Benge defendants say the deed plainly conveys and warrants the title to the whole of the surface and five-eighths of the minerals, and rely upon Duhig v. Peavy-Moore Lumber Co., 135 Tex. 503, 144 S.W.2d 878 and the cases there cited, and subsequent cases following the same: Fleming v. Miller, Tex.Civ.App., 228 S.W.2d 355, Id., 149 Tex. 368, 233 S.W. 2d 571, 574; American Republics v. Houston Oil Co., 5 Cir., 173 F.2d 728; Howell v. Liles, Tex.Civ.App., 246 S.W.2d 260; and the case of Klein v. Humble Oil & Refining Co., 126 Tex. 450, 86 S.W.2d 1077, Id., Tex. Civ.App., 67 S.W.2d 911.

It is with a great deal of reluctance that we agree to the Benge position, but we are unable to distinguish this case from the Duhig case, and, of course, are bound by the decision of the Supreme Court, and if violence is done to the record in this case by so doing the remedy lies with the Supreme Court and not with us. Of course, as . is suggested by the Scharbauers, the elementary rule of construction is the deed should be so construed to give effect to the intention of the parties as gathered from the four corners of the instrument, and the instrument shall be looked to alone if the language be plain and unambiguous. Applying the rule, the granting clause of the deed conveys all the surface and all the minerals, save and except three-eighths saved, excepted and reserved to the grantors, and the warranty warrants the title to the surface and all the minerals except that interest, that is to say, it warrants the title to five-eighths of the minerals, just as did the Duhig deed warrant the title to all the minerals, except that reserved. Here it is conceded there was an outstanding one-fourth interest in the minerals as was an outstanding one-half of the minerals in the Duhig case. For the purpose of the decision in the Duhig case it was assumed and the deed construed to clearly mean the grantor reserved to himself one-half of the minerals, and the grantee acquired through it only the surface, but when so interpreted, it is said, the warranty was breached at the very time the deed was executed and delivered, but that he held the very interest required to remedy the breach and he was prohibited from the assertion of the title in contradiction or breach of the warranty, and that he was estopped from setting up such title against the grantee and those claiming under it.

So, in the Scharbauer deed it is so written that it conveys all the surface and all the minerals except the three-eighths reserved to the grantors and warrants the title to all that conveyed, that is to say, the whole of the surface and five-eighths of the minerals, and as to the two-eighths here in controversy the warranty was breached at the time of the execution and delivery of the deed, but the interest required to remedy the breach is in the Scharbauers and they cannot assert such title in contradiction or breach of the warranty, and are estopped to set it up as against the Benge defendants. Thus the first construction relied upon by the Scharbauers to sustain the judgment is precluded.

■ The Scharbauer appellees, however, by another counterpoint, say the judgment is correct notwithstanding the points raised by the Benge appellants based upon the provision of the deed which provides that all future mineral leases shall provide for the payment of three-eighths of the bonuses, rentals and royalties to the grantor,

saying such provision is a contractual obligation binding upon the grantee. The Benge appellants say this is illogical and cannot prevail as against the warranty of the five-eighths. It is undisputed and agreed the Scharbauers own by virtue of the reservation a one-eighth mineral interest, and but for the provision of the deed which confers upon the grantee the power to make all future leases their joinder would be essential as to such one-eighth mineral interest, and but for the provision which provides for the payment of three-eighths of the bonuses, rentals and royalties they would be limited to one-eighth thereof. And, as is asserted by Benge, had the power to make all future mineral leases been unconditionally conferred, such power would have probably entitled the lessor to all the benefits arising under the lease. In the instant situation the Scharbauers are conceded to own an undivided one-eighth of the minerals, and but for the power conferred to make future leases without the joinder of the grantors, their joinder would be essential in any lease affecting that interest. By a contractual provision of the deed this power is conferred or granted, but it is coupled with a plain contractual provision that leases so executed shall provide for the payment to lessors of three-eighths of the bonuses, rentals and royalties. These are mere proceeds arising from the use of the land. Under the power conferred the grantee determines the terms and conditions of the leases; the amount of bonuses to be collected; the amount of rentals to be paid; and the amount of the royalty. There might never have arisen any occasion to exercise the power and make the provision for the payment of the bonuses, rentals and royalties, but the right to so act and make the determinations is made to depend upon the provision for the payments due the grantors under the provision. It is our opinion such plain and unmistakable provision has nothing to do with the warranty but is wholly independent of it.

It is elementary a grantee is bound by the contractual provisions of a deed. Greene v. White, 137 Tex. 361, 153 S.W.2d

575, 136 A.L.R. 626; Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165, 169 A.L.R. 1; Adams v. Duncan, 147 Tex. 332, 215 S.W. 2d 599; and to which might be added numerous authorities.

The power to execute the leases upon such terms and for such considerations as Benge saw fit was a valuable one and an irrevocable power coupled with an interest. Superior Oil Co. v. Stanolind Oil & Gas Co., Tex.Civ.App., 230 S.W.2d 346, Id., Tex.Sup., 240 S.W.2d 281.

Boiled down to a final analysis, this latter provision just considered represents the sum total of all the benefits reserved in the deed by the grantors, and when effect is given to all its language the grantors reserved exactly nothing and the parties contracted merely for the payment to grantors three-eighths of the bonuses, rentals and royalties. It could have been for all. We think it not admissable to give full effect to the otherwise unconditional power to lease and at the same time alter and limit the rights conferred in exchange therefor.

Our determination of this issue, and the effect thereof is to render immaterial the other points raised by the Benge appellants and they are accordingly overruled, and based upon the conclusions reached and stated the judgment of the trial court is affirmed.

PRICE, Chief Justice (concurring).

I agree with the disposition of this case and with what is said in the opinion of Judge SUTTON. In my opinion we have here presented an estoppel against an estoppel. The Scharbauer's deed with the covenant of general warranty operates against them. The contract on the part of Benge contained in the deed estops him and his successors in title from questioning the right of the Scharbauers to three-eighths of the bonuses, royalty, etc.

As recognized in the case of Duhig v. Peavey-Moore Lumber Company, 135 Tex. 503, 144 S.W.2d 878, a covenant of general warranty of title operates by the way of an estoppel. This covenant operates as an estoppel against the Scharbauers. By the

same token the contract contained in the reservation operates as an estoppel against Benge and his successors.

Benge availed himself of this offer, availed himself with full knowledge of all facts. The title to 1/8 of the minerals was clearly reserved by the reservation clause. Benge availing himself of this right is estopped to deny the 3/8 interest in the royalty which was provided should be reserved for the Scharbauers. Corpus Juris Secundum states the rule as follows:

"An estoppel against an estoppel sets the matter at large; so, the setting up of an estoppel by deed may be prevented or offset by another such estoppel, or a different form of estoppel, against the party seeking to set it up." 31 C. J.S., Estoppel, § 12, page 196.

See also Bigelow on Estoppel, 6th Ed. p. 392.

In the opinion of the writer Benge and his successors have estopped themselves from setting up the estoppel of the warranty as to the 3/8 interest involved herein. The Benge defendants are estopped by reason of their agreement—estopped themselves by availing themselves of the privilege contained in the reservation clause of the conveyance to them. No good reason appears why they should not be bound in the manner they attempted to bind themselves. No fraud appears, and the grantees in the deed from the Scharbauers had notice, constructive if not actual, of the outstanding one-fourth mineral interest. There is here exhibited a very typical case of estoppel to rely on an estoppel. See Jennings v. Russell, 209 Ark. 71, 189 S.W. 2d 656.

McGILL, J., concurs.