Ivan MURRAY and John P. Mullaney,
Appellants,

v.

UNITED STATES of America,
Appellee.

No. 16684.

United States Court of Appeals
Eighth Circuit.

June 15, 1961.

Walter O. Burk, Williston, N. D., made argument and filed brief for appellants.

Robert S. Griswold, Jr., Atty., Lands Division, Department of Justice, Washington, D. C., made oral argument for appellee. Ramsey Clark, Asst. Atty. Gen., Roger P. Marquis, Atty., Department of Justice, Washington, D. C., and Robert Vogel, U. S. Atty., and Gordon Thompson, Asst. U. S. Atty., Fargo, N. D., were with Robert S. Griswold, Jr., Washington, D. C., on the brief for appellee.

Before JOHNSEN, Chief Judge, and WOODROUGH and MATTHES, Circuit Judges.

MATTHES, Circuit Judge.

The United States instituted this action against Ivan Murray, John P. Mullaney and others to quiet title to certain real estate situated in McKenzie County, North Dakota.[1] Following an opinion reported sub nom United States v. McKenzie County, North Dakota, 187 F. Supp. 470, formal judgment was entered quieting title to the lands involved as to the claims of Murray and Mullaney, adjudging that their claims are null and void, and that they have no estate or interest in or lien or encumbrance on the lands and that the Government is entitled to all accrued and accruing royalties and rentals provided for in leases held by Texas Oil Company, one of the original defendants. Murray and his assignee, Mullaney, have appealed.

Concisely stated, the controversy arose from these facts: On May 3, 1949, McKenzie County, Murray's grantor, conveyed fee title to Murray, reserving to itself 50% of all oil, gas and minerals, pursuant to a North Dakota statute; on February 2, 1951, Murray conveyed fee

1. Jurisdiction was in the United States District Court by virtue of Title 28 U.S.C.A. § 1345.

title to the Government, "subject to the following reservations and exceptions:

\* \* \*

"Except 50% of all oil, gas or minerals upon or underlying said land, received by McKenzie County, North Dakota, under the provisions of Ch. 136, Laws of North Dakota, 1941, in its county deed to Ivan Murray, dated May 3, 1949 and recorded in the office of the Register of Deeds of McKenzie County, North Dakota, in Book '54' of Deeds, Page 505."

On March 21, 1951, the Supreme Court of North Dakota ruled that the statute under which McKenzie County purported to reserve a mineral interest was invalid and that counties had no statutory authority to make such deed reservations.

To support his claim, Murray relied upon two propositions: (1) that the above quoted clause effectively reserved to himself a 50% mineral interest; and (2) that a decision rendered by the Director of the Bureau of Land Management on April 30, 1956, is res judicata as to the issue of ownership of the disputed mineral rights herein.[2] These same two contentions are pursued on appeal.

The opinion of the trial court details the relevant facts with meticulous care and unquestioned accuracy; the issues are clearly defined, the contentions and arguments of the parties are carefully considered and answered and the ultimate decision and disposition of the case with underlying reasons therefor are based on sound legal principles and precedents. On the basis of the opinion we affirm, with the following observations which in capsule form indicate our views based upon careful analysis of the record and controlling authorities.

■ Having in mind the cardinal rule of construction that the intention of the parties as drawn from the whole deed must govern, we are convinced that the language of the instrument itself did not reserve to Murray a 50% mineral interest in the land, but that it was designed solely to protect him on the warranty. See, in addition to the authorities cited in the trial court's opinion, Methodist Home v. Mays, Tex.Civ.App., 273 S.W.2d 444; Stroud v. Hunt Oil Co., Tex.Civ.App., 147 S.W.2d 564; and opinion of Supreme Court of Texas, Klein v. Humble Oil & Refining Co., 126 Tex. 450, 86 S.W.2d 1077, affirming in part, reversing in part, Tex.Civ.App., 67 S.W.2d 911. Moreover, attendant circumstances, if resort thereto be necessary, completely remove the question from debate. As the trial court so ably and convincingly demonstrated, on the basis of uncontroverted evidence, Murray's antecedent and subsequent conduct was completely incompatible with his claim of ownership of an interest in the mineral rights, a claim which was not asserted until after the deed was executed and not until it became apparent that oil had been discovered on nearby property.

■ As to the second issue, in Barash v. Seaton, 103 U.S.App.D.C. 159, 256 F.2d 714, at page 715, the court stated:

"Acquired land is Government owned land acquired from private ownership. Public land is Government owned land which was part of the original public domain."

In this situation, the trial court very properly ruled that the Department of Interior was without jurisdiction to make a judicial determination of the ownership of title so as to be res judicata of this suit by the Government. The Secretary's authority is governed by the provisions of the Mineral Leasing Act for Acquired Lands, 30 U.S.C.A. § 351 et seq. which do not authorize or empower the Secretary to adjudicate title to Government

2. It appears that this decision was rendered in connection with the question of the validity of certain leases given by the Bureau. The Director ruled:
"\* \* \* it appears that the United States owns all of the coal deposits in the lands and 50 per cent of all other minerals in the lands and that the remaining 50 per cent interest in minerals other than coal in the lands is privately owned."

owned acquired lands. Cf. Title 5 U.S.C.A. § 485, charging the Secretary with supervision of public lands. The judgment properly resolved the issues and is

Affirmed.