ACKLIN et al. v. FUQUA.
No. 5703.

Court of Civil Appeals of Texas. Amarillo.
Feb. 25, 1946.

Rehearing Denied April 1, 1946.

298

H. G. Bennet, of Dumas, for appellants.

Sanders, Scott, Saunders & Smith, of Amarillo, for appellee.

PITTS, Chief Justice.

This is a suit in the nature of a trespass to try title to the oil, gas, and other minerals in and under two sections of land situated in Moore County, Texas, filed by appellee, Al Lee Fuqua, against appellants, Charles A. Acklin, George J. and George E. Papandreas, Mike Papandreas, Stella P. Long, Erba L. Faddis, and husband, Samuel Faddis, Alice Mae Butler and husband, Samuel Butler, Floyd B. Long, Jr., and Raymond T. Long, and numerous other defendants who did not appeal and whose names need not be here given.

Upon a trial to the court without a jury on October 10, 1945, the trial court rendered judgment for appellee against all the defendants except for the specific interests in the said oil, gas, and other minerals in and under the said lands awarded by the trial court to the following named defendants in the amounts so stated, as follows: Charles A. Acklin, an undivided 1.95 acres; George J. Papandreas, an undivided 3.90 acres; George E. Papandreas, an undivided 0.90 acres; Mike Papandreas, an undivided 0.98 acres; M. Ethel McCuskey and Bertha McCuskey and the unknown heirs, devisees, legatees, and legal representatives of M. Ethel McCuskey, deceased, to be the joint co-owners of an undivided 1.95 acres, and F. B. Long, Stella P. Long, Erba L. Faddis, Alice Mae Butler, Raymond T. Long, and Floyd B. Long, Jr., and the unknown heirs, devisees, legatees, and legal representatives of F. B. Long, deceased, to be the joint co-owners of an undivided 1.95 acres, from which judgment only the appellants above named as such perfected an appeal to this court.

Appellants predicate their appeal upon one point of error to the effect that the trial court erred in construing an instrument of conveyance from Vinsons to Parriott in holding that such instrument conveyed a 1/8 mineral interest rather than a 1/8 (or all of the) royalty under the said lands. But appellants admit that "appellee owns more than 91 per cent. of the royalties or mineral interests conveyed by Vinson to Parriott."

It was agreed by stipulation between the parties that the common source of title was from W. H. Vinson and wife, Mary Vinson.

Appellants claim that a ⅛ (or all of the) royalty interest in the land in question was conveyed under the instrument from W. H. Vinson and Wife, Mary Vinson, to F. B. Parriott of date July 28, 1918, the pertinent provisions of which read as follows:

"Have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said F. B. Parriott, one-eighth of all the natural gas, oil, petroleum and substances being all the royalty in, on or under the following described lot, parcel or tract of land lying and being situated in Moore County, Texas, and described as follows:

"Sections numbers 77 and 76 in Block number 44 of the H & T C Ry Co lands in Moore County, Texas, and containing 1298.8 acres of land, together with the right to enter thereon, open mines, drill wells, lay pipe lines and erect all structures and appliances necessary or convenient in searching for, procuring, caring for, storing and removing any natural gas, oil, or petroleum and substances of whatever nature and kind whatsoever that may be found thereon or thereunder and to erect telephone and telegraph lines for use in the business thereon, together with the right to remove any and all fixtures placed thereon.

"It is expressly understood and agreed that the surface of the above described land is conveyed only for all purposes and uses above set forth. This conveyance is subject to the terms and provisions of a regular Producer's 88, Special Form Lease, Texas form, providing for ⅛ of all oil and gas produced and saved thereon."

Following these provisions we find a general warranty and subrogation clauses.

■ In construing the instrument, it must be kept in mind that two separate and distinct mineral estates can be conveyed by one instrument. One interest may be a permanent interest in the minerals in place, to subsist during and beyond the life of an existing lease. The other may be in the royalty to be due and payable under the lease. The fractional interest in the royalty to be due and payable under an existing lease need not correspond with the permanent fractional interest in the minerals in place; the royalty interest may be larger or smaller. Richardson v. Hart, Tex.Sup., 185 S.W.2d 563.

We are first interested in determining a proper construction of the instrument in question to ascertain whether it conveys a mineral fee interest or a royalty interest, or both.

■ The Supreme Court has approved several cardinal rules for construing such instruments. In the case of Fleming v. Ashcroft, 141 Tex. 41, 175 S.W.2d 401, 406, cited in this case by all parties, the Court said: "The intention must be gathered primarily from a fair consideration of the whole instrument, and the language employed therein, and the construction given it should harmonize with the terms of the deed, including its scope, subject-matter, and purpose."

In the instant case the instrument in question grants "one-eighth of all the natural gas, oil, petroleum and substances being all the royalty in, on or under * * *" the lands in question. It appears that there is an inconsistency between the first part of the clause granting or conveying "one-eighth of all the natural gas, oil, petroleum and substances" and the phrase following, "being all the royalty * * *." But when we apply the above rule to determine the intention gathered from a fair consideration of the whole instrument, we find that the grantors continue, after describing the land, with the language: "* * * together with the right to enter thereon, open mines, drill wells, lay pipe lines * * *," thus using language that grants the right of production, which right is in harmony with an intention to convey a mineral fee lease. The grantor then makes it clear "that the surface of the above described land is conveyed only for all purposes and uses above set forth," implying the right for use in production as a result of a conveyance of a mineral fee.

Does the instrument also disclose an intention to convey a royalty interest under the existing lease separate and apart from the one-eighth mineral fee? The conveyance "is subject to the terms and provisions of a regular Producer's 88, Special Form Lease, Texas form, providing for ⅛ of all oil and gas produced and saved thereon." The grantor does not here state that the grantee shall take ⅛ or all of the royalty provided for in the lease, but it

appears that the grantor intends to say that the conveyance is subject to an oil and gas lease and that the grantee shall take a $\frac{1}{8}$ mineral fee interest subject to the oil and gas lease. It therefore appears to us that the other parts of the instrument, when construed fairly as a whole, are in harmony with an intention to convey a mineral fee interest and that they are not in harmony with a purported intention to transfer royalty interest.

In applying the foregoing rule in the case above cited, the Supreme Court also said: "This rule (of construction) does not demand that every part of the deed shall be treated as of equal weight in the solution of every question that may arise." Then, if the phrase "being all the royalty" is not in harmony with the remainder of the provisions of the instrument, it should not have equal weight or dignity with the other terms used therein when it appears that the said other terms so used have the controlling effect in the instrument.

The Supreme Court likewise approved another rule in the case of Sun Oil Co. v. Burns, 125 Tex. 549, 84 S.W.2d 442, 446, holding that "Whenever it is possible, the real intent must be gathered from the whole description," and further holds that, "The rule is that, where there is a repugnance between a general and a particular description in a deed, the latter will control." In the instant case there is, at least, an apparent inconsistency, if not a repugnance, between the first part of the description, "one-eighth of all the natural gas, oil, petroleum and substances," which is a particular description, and the phrase following, "being all the royalty," which is a general description. Applying the said rule to the given description in the instant case the particular description of "one-eighth of all the natural gas, oil, petroleum and substances" should control and since the phrase, "being all the royalty" is general and does not seem to aid any in the description, such a phrase may be disregarded and held of no significance as was done in a similar case styled Jones v. Bedford, Tex.Civ.App., 56 S.W.2d 305, writ refused. Then such is also in harmony with still another rule approved by the Supreme Court in the case of Bruni v. Vidaurri, 140 Tex. 138, 166 S.W.2d 81, 94, stating that "A subsequent erroneous addition should not be permitted to lim-

it or impair what has been definitely and certainly described." For the reasons given it appears to us that the trial court was justified in construing the instrument in question as conveying a mineral interest rather than a royalty interest as contended by appellants. Appellants' point of error is therefore overruled and the judgment of the trial court is affirmed except as herein below otherwise stated.

Appellee has presented several cross-assignments of error but in view of our disposition already made of appellants' assignment or point of error we do not deem it necessary to discuss but one of appellee's cross-assignments. Appellee complains that "The court erred in rendering judgment for appellants, Stella P. Long, Erba L. Faddis, and husband, Samuel Faddis, Alice Mae Butler, and husband, Frank Butler, Raymond T. Long, and Floyd B. Long, Jr., because there is no evidence in this record that they or either of them own any interest in the property in question."

Appellants do not resist appellee's contention in this cross-assignment of error and a careful examination of the statement of facts reveals that there is no evidence in the record before this court to support that part of the trial court's judgment awarding to "F. B. Long, Stella P. Long, Erba L. Faddis, Alice Mae Butler, Raymond T. Long, Floyd B. Long, Jr., and the unknown heirs, devisees, legatees, and legal representatives of F. B. Long, deceased, * * * an undivided aggregate or total of 1.95 acres in fee simple absolute" as co-owners or joint owners of the same. However, no appeal was perfected to this court either against or on behalf of F. B. Long or his legal heirs, devisees, legatees, or legal representatives, and that interest cannot be disturbed by this court. But appellee's cross-assignment of error as to the other parties therein named is sustained because of the lack of evidence to support that part of the trial court's judgment about which appellee complains in the said cross-assignment. It is presumed that the six named parties owned an equal undivided interest in the "undivided aggregate or total of 1.95 acres" awarded to them by the trial court and we therefore find it necessary for reasons heretofore stated to reverse and render in favor of appellee that part of the trial court's judgment awarding $\frac{5}{6}$ of an undivided interest in the 1.95 acres to

appellants, Stella P. Long, Erba L. Faddis, Alice Mae Butler, Raymond T. Long, and Floyd B. Long, Jr., and judgment is here rendered in favor of Al Lee Fuqua for ⅚ of an undivided interest in the 1.95 acres of the land in question.

Affirmed in part, reversed and rendered in part.