30 So.2d 858

**CONTINENTAL OIL CO. v. TATE et al.**

No. 38325.

May 26, 1947.

E. Herman Guillory, of Ville Platte, for defendants-appellants.

Gahagan & Pierson, of Natchitoches, for defendants and appellees.

O'NIELL, Chief Justice.

This is a concursus proceeding, brought by a lessee under an oil and gas lease, to determine how the one-eighth royalty shall be distributed among the several owners of the fractional parts thereof.

On November 16, 1939, Albert Tate, being the owner of the land subject to the lease, having an area of 28.93 arpents, transferred the land to Reverend Michael S. Becker, a retired priest. The transfer was made by notarial act, in the form of a cash sale for $1,500, with full and general warranty of title, but with the following reservation and exception:

"It being well understood and mutually agreed by contracting parties, that the vendor, Albert Tate, reserves and retains herein a one-sixteenth, (1/16th) or one-half (1/2) of the one-eighth (1/8) of the royalties in the oil, gas or other minerals in and under said property; and it also being well understood that this reservation is additional, apart and clear of the one-thirty-second (1/32) royalty interest previously sold by Albert Tate to Rene L. De-Rouen, and wife, Christina Currie."

The deed therefore purported to convey to Reverend Michael S. Becker a 1/32 royalty interest, as well as the land itself.

In other words, the manner in which the reservation and exception were expressed left no doubt that Tate reserved 1/16 of the royalty interest for himself, besides excepting from the transfer the 1/32 royalty interest which he had sold to Rene L. DeRouen and his wife. The 1/16 reserved by Tate, plus the 1/32 which he excepted from the sale because of his having sold it previously, left a 1/32 royalty interest which on the face of the instrument was conveyed to Reverend Michael S. Becker.

In fact, however, Tate had made two other previous sales of royalty interests which were duly recorded and which therefore had to be deducted, either from the 1/16 reserved by Tate or from the 1/32 which the deed purported to convey to Reverend Michael S. Becker. These two previous sales consisted of a sale which Tate had made to Winston L. Stokes and Dr. Richard C. Scott on August 23, 1937, of a 1/56, or 64/3584, royalty interest, and a sale which Tate had made to Mrs. Georgiana T. Fruge on September 30, 1937, of 1/128, or 28/3584, royalty interest. We state these fractions with the denominator 3584 because that is the lowest common denominator of all of the many fractions into which the 1/8 royalty has been subdivided.

The only question, therefore, which the court was called upon to decide in this concursus proceeding, was whether the 1/56 royalty interest which Tate had sold to Winston L. Stokes and Dr. Richard C.

Scott on August 23, 1937, and the 1/128 royalty interest which Tate had sold to Mrs. Georgiana T. Fruge on September 30, 1937, should be deducted from the 1/32 royalty interest which the deed from Tate to Reverend Becker, dated November 16, 1939, purported to convey to Reverend Becker, or should be deducted from the 1/16 royalty interest which Tate reserved for himself in that deed. The judge of the district court, after hearing the case on its merits, decided that the 1/56 royalty interest which Tate had sold to Stokes and Dr. Scott and the 1/128 royalty interest which Tate had sold to Mrs. Fruge should be deducted from the 1/16 royalty interest which Tate declared he reserved for himself in the deed to Reverend Becker. Tate and the several persons claiming title from him, for the 1/16 royalty interest, are appealing from the decision.

If the transfer made by Tate to Reverend Michael S. Becker had been a genuine sale we would hold that, by reason of Tate's obligation of warranty, the fractional royalty interests which he had sold to Winston L. Stokes and Dr. Richard C. Scott and to Mrs. Georgiana T. Fruge would have to be deducted from his, Tate's, 1/16 royalty interest. But the fact is that the transfer from Tate to Reverend Becker was not a genuine sale, but was a disguised donation. Tate so pleaded in a supplemental answer in this concursus proceeding. Thereafter, Reverend Becker made a donation of the property which he

had acquired from Tate, to his sister, Vera C. Becker, by notarial act, and she was cited to appear and did appear as a defendant in this proceeding.

Albert Tate, in his supplemental answer, propounded to Reverend Becker interrogatories on facts and articles, asking the direct question whether the transfer to him was a genuine sale or was a gratuitous donation. Reverend Becker answered the interrogatories by admitting under oath in open court that no part of the alleged $1,500 was paid in consideration for the transfer, but he declared that the donation was not a gratuitous donation but was a remunerative donation, made in consideration for services which he had rendered to Tate. Without going into details on this subject our opinion is that the services which Reverend Michael S. Becker claims to have rendered to Tate, and which Reverend Becker says constituted the consideration for the donation made to him by Tate, were not such as could be the consideration for a contract, without violating public policy—if not the law itself. Our conclusion, from all of the testimony in the case, is that the donation made by Tate to Reverend Becker was not a remunerative donation but was a gratuitous donation, inspired by a sense of gratitude and appreciation which Tate had for services which Reverend Becker had rendered to him in times of trouble. But we do not find that this sense of gratitude and appreciation on the part of Tate made the donation a remuner-ative donation, or one made in actual recompense for the services rendered, in the meaning of the definition in Article 1523 of the Civil Code.

The consequence of our holding that the donation made by Tate to Reverend Michael S. Becker was a gratuitous donation is that the warranty of title stated in the transfer, was made without a consideration and was therefore not a binding obligation. It is unnecessary to say whether an expressed obligation of warranty in a transfer made as a donation might be binding upon the donor. It is sufficient to say that where the transfer is admitted by the transferee to be a simulated sale, or donation disguised in the form of a sale, and where there is no such consideration as could lawfully make the donation a remunerative donation, the warranty of title expressed in the transfer is itself a part of the simulation and is therefore not binding upon the transferor.

Counsel for Reverend Becker formally objected on the trial of this case to the introduction of oral evidence to contradict the recital in the deed that the consideration for the transfer of the property to him was $1,500 cash. But Reverend Becker's objection to the offering of parol evidence was not good against his answers to the interrogatories on facts and articles.

Our conclusion therefore is that the royalty interests which Tate sold to Winston L. Stokes and Dr. Richard C. Scott on August 23, 1937, being a 1/56, or 64/3584 royalty interest, as well as the roy-

alty interest which he sold to Mrs. Georgiana T. Fruge on September 30, 1937, being 1/128, or 28/3584 royalty interest, must be deducted from the 1/32, or 112/3584, royalty interest, which the deed from Tate to Reverend Becker dated November 16, 1939, purported to convey to Reverend Becker, and hence that the only royalty interest which was conveyed by the deed to Reverend Becker was 20/3584.

After making the transfer to Reverend Michael S. Becker, Tate disposed of all but 77/3584 of his reserved 1/16, or 224/3584, royalty interest, as follows:

On December 19, 1940, he sold 1/128 or 28/3584 royalty interest to Winston L. Stokes. On January 14, 1941, Tate donated to his children, namely, Albert Tate, Jr., Edith Therry Tate, Rene Albert Tate and Camille Tate, 1/32, or 112/3584, royalty interest; and, on March 26, 1941, he donated to Miss Ruby Downs, 1/512, or 7/3584, royalty interest. The net result of these transfers is that Tate now owns only 77/3584 royalty interest in the oil produced and to be produced by the lessee, Continental Oil Company, and to be distributed among the parties made defendants in this proceeding.

The judgment appealed from is annulled and it is now ordered, adjudged and decreed that the lessee, Continental Oil Company, plaintiff in this suit, shall distribute the 1/8 royalty interest in the oil produced and to be produced from the 28.93 arpents of land as follows:

(1) To Winston L. Stokes and Dr. R. C. Scott, 1/56, or 64/3584, interest;

(2) To Mrs. Georgiana T. Fruge, 1/128, or 28/3584, interest;

(3) To Rene L. DeRouen and his wife, 1/32, or 112/3584, interest;

(4) To Miss Vera C. Becker 20/3584 interest;

(5) To Winston Stokes, 1/128, or 28/3584, interest;

(6) To Albert Tate, Jr., Edith Therry Tate, Rene Albert Tate, and Camille Tate, each 1/4 of 1/32, or a total of 112/3584 interest;

(7) To Miss Ruby Downs, 1/512, or 7/3584, interest; and

(8) To Albert Tate, Sr., 77/3584 interest.

The costs of this proceeding shall be deducted from the fund which the plaintiff has deposited into the registry of the court.