HOWELL et ux. v. LILES et ux.

No. 6196.

Court of Civil Appeals of Texas.
Amarillo.

Dec. 17, 1951.

Rehearing Denied Jan. 21, 1952.

Royce A. Oxford, Edinburg, for appellant.

Smith, Teed, Wade & Waters, Pampa, Homer L. Moss, Wheeler, for appellee.

PITTS, Chief Justice.

This suit was filed by appellants, Frank D. Howell and wife Erma Howell, against appellees, J. M. Liles and wife Florine Liles, to determine ownership of the mineral rights in, to and under a quarter section of land situated in Wheeler County, Texas. The case was tried to the court without a jury and judgment was rendered awarding appellants ⅔ of the mineral interest and appellees ⅓ or the remainder thereof from which judgment appellants perfected their appeal claiming title to all of the mineral rights.

It was stipulated by the parties that J. B. McCarley and wife Fannie H. McCarley were the common source of title. It is conceded by all parties that T. O. Collier and wife Myrtle E. Collier, more recent owners of the property in controversy, were also the common source of title. Prior to the date the McCarleys conveyed the land in question to the Colliers by a warranty deed on July 16, 1924, they had executed a mineral lease on the land in question but the said lease had expired according to its own terms and the same had likewise been released by the owner thereof and this litigation is not affected thereby. On March 7, 1927, the Colliers conveyed the land by a warranty deed to appellant Frank D. Howell and inserted therein the following language: " * * * Grantors herein hereby reserve a one-third of the Royalty mineral rights on the hereinafter described land, meaning by that one-third of one-eighth of the total mineral right."

There is an apparent inconsistency, if not a repugnance, between the first part, "Royalty mineral rights" and the latter part, "total mineral rights", of the purported reservation clause in the said deed. Acklin v. Fuqua, Tex.Civ.App., 193 S.W. 2d 297. But such apparent inconsistency or repugnancy is not material to a proper disposition of this appeal. Under the authorities hereinafter cited appellants are bound by their own warranties found in their warranty deed of conveyance of the land in question on November 1, 1929, to C. A. Ragland and H. L. Ragland, in which deed appellants as grantors made one and only one reservation in the following language: "Grantors are reserving Two thirds of all oil, gas and mineral rights in, to and under this property."

Even though Colliers thereafter on May 14, 1930, sought to convey to appellants by the execution of an instrument called a "Royalty Deed" ⅓ of ⅛ interest in and to all oil, gas and other minerals in and under the said land reserved by the Colliers when they deeded the remainder of the land to appellants, the said appellants are entitled to no more than ⅔ of the mineral rights reserved by them in their warranty deed of conveyance to the Raglands. The fact that Raglands thereafter on June 20, 1947, conveyed the land in question by warranty deed to appellee J. M. Liles subject to the ⅔ mineral rights reserved by appellants and the ⅓ of ⅛ of the minerals previously reserved by Collier and wife and thereafter conveyed to appellants by a "Royalty Deed" does not vest title in appellants to any more than ⅔ of the mineral rights reserved by them in their warranty deed of conveyance to the Raglands, who in turn conveyed the same land to appellees.

Based upon the contention made by appellants themselves and according to the chain of title presented by them, about which there is no controversy, they could not at most consistently claim more than the ⅔ of the mineral rights reserved by them together with the ⅓ of ⅛ or 1/24 of the royalty or total mineral rights, as the case may be, reserved by Colliers and later conveyed to appellants in a "Royalty Deed". But the deed was executed by the Colliers as grantors to appellants as grantees subsequent to the date appellants executed their deed of conveyance to Raglands reserving only ⅔ of the mineral rights without any mention having been made of the former reservation of ⅓ of ⅛ thereof made by the Colliers. The deed of conveyance made by appellants to Raglands was executed on November 1, 1929, while the "Royalty Deed" executed by the Colliers conveying ⅓ of ⅛ of the mineral rights to appellants was thereafter executed on May 14, 1930. Prior to their attempt to accept the mineral rights sought to be conveyed to them by the Colliers in the latter mentioned deed, appellants had conveyed to the Raglands a fee simple title to the land in question, together with all but "⅔ of all oil, gas and mineral rights in, to and under" the land in question and the said deed contains covenants of general warranty of title or of ownership to their successors in title. Appellants are therefore bound by such a warranty and they are estopped now from claiming any more than the ⅔ of mineral rights reserved by them in their deed of conveyance to the Raglands and those claiming under them and appellees are entitled to the other ⅓ of the mineral rights as found by the trial court. Duhig v. Peavy-Moore Lumber Co., 135 Tex. 503, 144 S.W.2d 878, and other authorities there cited. The judgment of the trial court is therefore affirmed.