**R. E. SELMAN et ux., Appellants,**

v.

**E. L. BRISTOW et al., Appellees.**

**No. 197.**

Court of Civil Appeals of Texas.

Tyler.

April 14, 1966.

Rehearing Denied May 12, 1966.

Chas. F. Potter, Spruiell, Lowry, Potter, Lasater & Guinn, Tyler, for appellants.

Tom Steele, Linden, for appellees.

MOORE, Justice.

Plaintiffs, E. L. Bristow and wife, Lena Bristow, brought this suit against defendants, R. E. Selman and wife, Nettie Selman, to determine ownership of the mineral rights in, to and under a 92.2 acre tract of land situated in Henderson County, Texas. Jeff Austin, who the record shows to be a joint tenant with the Bristows, was made an involuntary plaintiff in the case.

Plaintiffs Bristow and Austin allege that they purchased the 92.2 acre tract of land from Mrs. A. Mae Weeden, et al. on January 21, 1941. That in the deed to them, Mrs. A. Mae Weeden, et al. reserved ⅛th of the royalty. Plaintiffs further allege that they sold the 92.2 acre tract of land to the defendant, R. E. Selman, on February 26, 1943, by a warranty deed and that in said deed, the plaintiffs reserved unto themselves, their heirs and assigns, ¼th of the minerals by the following reservation:

"The grantors herein reserve one fourth (¼) of the mineral interest, for themselves, their assigns or their heirs. It is also understood that the grantee has full authority to lease the land for Oil

& Gas and the grantors will join him in the lease. Grantors also have the right to lease for Oil & Gas their ¼ interest should the Grantee desire not to lease."

In addition to this deed, plaintiffs further allege that thereafter on April 15, 1948, they conveyed to defendants an additional 8.62 acre mineral interest in the said 92.2 acre tract. Plaintiffs' pleadings further assert that the ⅛th of the royalty reserved in the deed from Mrs. A. Mae Weeden, et al. unto the plaintiffs is royalty right attributable to the entire mineral estate and that each of the owners of the mineral estate in and to the land described in the deed covering the 92.2 acre tract of land must account proportionately for such reserve royalty reservation; that the defendants have by their actions, conduct and claims cast a cloud of interest upon the plaintiffs' estate, asserting that all of such reserved interest should be borne by the mineral estate belonging to the plaintiffs, hence they allege that all of the instruments affecting the interest of the plaintiffs and defendants should be legally construed and judgment entered vesting title and quieting title as the law directs.

Plaintiffs contended that the ⅛th royalty theretofore reserved by Mrs. Weeden, et al. followed the mineral estate as conveyed by their two deeds to Selman and therefore must be carved out of the mineral estate in proportion to the respective ownership of the grantors and grantee. Since their grantee, Selman, owned ¾ths of the minerals in place, and they owned ¼th, they therefore contend that Selman must bear ¾ths of the outstanding ⅛th royalty and they must bear ¼th of same.

The trial court, sitting without a jury, rendered judgment as follows:

"3. It is adjudged by the court that the royalty interest reserved by the grantors (Mrs. Weeden, et al.) in the January 22, 1941 deed shall be borne by the interest conveyed to the parties to the February 26, 1943 deed as follows:

"The interest of the grantee R. E. Selman (and wife, Nettie Selman) shall bear ¾ of said royalty interest.

"The interest of the grantors E. L. Bristow, Lena Bristow and Jeff Austin, shall bear ¼ of the said royalty interest.

"4. It is further adjudged that all relief not expressly granted is hereby denied."

The trial court thus rendered judgment for the plaintiffs based upon a construction of the 92.2 acre deed, but denied plaintiffs any relief under the 8.62 acre royalty and/or mineral deed. Plaintiffs make no complaint of the judgment in this respect; consequently, the trial court's ruling denying relief with respect to the 8.62 acre deed is final and is not before us.

Defendants, R. E. Selman and wife, have perfected this appeal, contending that the construction placed on the 92.2 acre deed by the trial court was erroneous. They contend that all of the ⅛th royalty previously reserved by Mrs. A. Mae Weeden, et al. must be borne by plaintiffs, Bristow and Austin, out of their ¼th undivided mineral interest and that the undivided ¾ths mineral interest which plaintiffs conveyed to them by the 92.2 acre deed passed to them encumbered by the previous royalty reservation.

At the request of the defendants, the court made the following findings of fact and conclusions of law:

(1) On January 22, 1941, Mrs. A. Mae Weeden, et al. executed a deed to E. L. Bristow and Jeff Austin conveying the 92.2 acre tract of land, and reserved therein an interest referred to as ⅛th of the royalty interest.

(2) On February 26, 1943, Bristow and Austin executed a deed to R. E. Selman conveying the same 92.2 acre tract of land, in which the grantors reserved an undivided ¼th of the minerals, all as more fully

shown in said deed, a copy of which is attached hereto.

(3) * * *

(4) That thereafter, a "royalty and/or mineral deed" was executed by Austin and Bristow to Selman in 1948, conveying unto the said grantees an "undivided 8.62 royalty and/or mineral acre interest in the said 92.2 acre tract of land."

(5) That the parties entered into a certain stipulation, which stipulation was introduced in evidence and is made a part of the findings of fact.

(6) That at the time Bristow and Austin executed the deed to Selman conveying the 92.2 acres of land, Selman had no knowledge of the royalty reservation contained in the 1941 deed from Mrs. A. Mae Weeden, et al. to Jeff Austin and E. L. Bristow; that Selman bought the property without title examination and in reliance upon the grantors' warranty of title, paid therefor a valuable consideration.

Based upon these facts, the court concluded as a matter of law that the royalty interest retained by the grantors in the deed from Mrs. A. Mae Weeden, et al. to Jeff Austin and E. L. Bristow in 1941 should be charged proportionately to the interest reserved by the grantors and conveyed to the grantee in the deed from Bristow and Austin to R. E. Selman; that is, the ⅛th royalty theretofore reserved by Mrs. Weeden, et al. should be charged, ¼th to the interest of the grantors, Bristow and Austin, and ¾ths to the interest of the grantee, Selman.

No complaint was made by either party to these findings, and the record is before us without a statement of facts.

In the stipulation entered into by the parties, it was agreed that the question to be decided was as follows: What interest was conveyed by the deed from Bristow and Austin to Selman covering the 92.2 acre tract?

It is not contended that the deed in question is ambiguous and it must therefore be given the legal effect resulting from a construction of the language contained within the four corners of the instrument. All parts of the instrument must be given effect, if possible to do so without violating any legal principles. Even though different parts of the deed may appear to be contradictory and inconsistent with each other—if possible, the court must construe the language of the deed so as to give effect to all provisions thereof and will harmonize all provisions therein, and not strike down any part of the deed, unless there is an irreconcilable conflict wherein one part of the instrument destroys in effect another part thereof. Benge v. Scharbauer, 152 Tex. 447, 259 S.W.2d 166. When the Bristow-Austin deed is construed by its own language, it is not ambiguous. It purported to grant to Selman an absolute fee simple title to all interest in the land except a ¼th interest in the minerals. To accept the theory of the judgment, the deed conveyed the surface rights together with ¾ths of the minerals subject to a proportionate reduction of the reserved royalty. Such a construction would be contrary to the very language used in the granting clause because the deed by its express terms purported to convey all the interest in the land except the reserved ¼th interest in the minerals. The deed is so written that the general warranty extends to the full fee simple title to all the surface and mineral estate, except an undivided ¼th interest in the minerals. Without the reservation clause, the deed clearly implies a grant of all of the surface and a full ¾ths of the mineral estate. While the deed in question does make reference to the Weeden deed as the source of title, nowhere does it mention the royalty theretofore reserved by Mrs. Weeden, et al.

" * * * 'The general rule is that a deed will pass whatever interest the grantor may have in the land, unless words are used showing an intention to convey a less estate. And, where the granting

clause is apt to transfer all the interest of the grantor, an intention to convey a less estate than the grantor has is not manifested by a recital of the grantor's source of title. Such a recital is usually regarded as mere descriptive matter which does not restrict the granting clause.'" Peavy-Moore Lumber Co. v. Duhig (Tex.Civ.App.) 119 S.W.2d 688; 135 Tex. 503, 144 S.W.2d 878.

■ Therefore, since Bristow and Austin owned all of the mineral estate and their deed purported to convey ¾ths thereof, under this rule the mere reference to the Weeden deed as their source of title would not restrict the granting clause conveying ¾ths of the minerals.

■ The effect of the deed was to divide ownership of the mineral estate. The two separate mineral estates thus created constituted a distinct and severable adjunct of the fee simple in real property. The royalty interest theretofore reserved by Mrs. Weeden, et al. also constituted an adjunct that was distinct and severable from the mineral fee. Both the interest in the minerals in place and the interest in the royalty based on the production of these minerals are separate and distinct estates in land. 43 Tex.Jur.2d, Sec. 382, page 22; Veal v. Thomason, 138 Tex. 341, 159 S.W.2d 472.

■ Prior to their conveyance to Selman, Bristow and Austin owned 100% of the minerals in place. They could not, however, because of the outstanding royalty interest, convey to Selman the full fee simple title to the full ¾ths of the minerals and yet at the same time reserve ¼th of the minerals for themselves. Obviously, to give effect to both the grant and the reservation would be impossible. In such a situation, the rule is that if both grant and reservation cannot be given effect, the grant prevails and the reservation fails. Klein v. Humble Oil & Refining Co., 126 Tex. 450, 86 S.W.2d 1077.

The Weeden reservation of ⅛th of the usual ⅛th royalty was a reservation of ¹⁄₆₄th of the royalty on the entire mineral estate. In effect, such a reservation would be equivalent to a reservation of ⅛th of the mineral estate, i. e., the usual ⅛th royalty on an undivided ⅛th of the minerals would amount to a ¹⁄₆₄th royalty on the entire mineral estate.

When Bristow and Austin reserved ¼th of the minerals, they then became entitled to ¼th of the usual ⅛th royalty and were thus the owners of a ¹⁄₃₂nd royalty upon the entire mineral estate. Thus, their reservation left them with more than enough minerals and royalty to satisfy the previous royalty reservation without effecting their conveyance to Selman of a full ¾ths of the minerals. Since the grantors undertook to convey a full ¾ths of the minerals and had the power to do so, they will be held to this undertaking. The deed was therefore effective to convey to Selman the surface and an unencumbered, unrestricted ¾ths of the minerals. Howell v. Liles, (Tex.Civ. App.) 246 S.W.2d 260; Peavy-Moore Lumber Co. v. Duhig, supra; Continental Oil Co. v. Tate, 211 La. 852, 854, 30 So.2d 858; 7 Oil & Gas Reporter, page 636; 1 Oil & Gas Reporter, page 509; 1 Williams and Meyers Oil & Gas Law, Sec. 311, pages 568–580; 42 Tex.Jur.2d, Oil & Gas, Sec. 75, page 181; 36 Tex.Law Review, page 412.

Although Bristow and Austin had knowledge of the Weeden royalty reservation, nevertheless they chose to warrant the title to Selman, and thereby assumed the risk of failure of title. 42 Tex.Jur.2d, Sec. 75, page 181.

While the covenants of general warranty cannot be construed as enlarging the title conveyed or impairing the grantors' title to ¼th of the minerals reserved to them, the warranty operates as an estoppel denying to the grantors the right to set up their ¼th undivided interest in the mineral estate against the grantee's title to the ¾ths undivided interest therein. Box v. Lawrence, 14 Tex. 545; Peavy-Moore Lumber Co. v. Duhig, supra, and Howell v. Liles, supra.

For the reasons stated, that portion of the judgment decreeing a proportionate reduction of the mineral estate conveyed to R. E. Selman by the 92.2 acre deed is reversed and judgment is hereby rendered granting R. E. Selman and wife, Nettie Selman, all right, title and interest to an undivided ¾ths of the minerals in and under the land described by the deed. In all other respects, the judgment of the trial court is affirmed.

Affirmed in part and in part reversed and rendered.