James C. BRADY, Trustee, et al., Appellants,

v.

SECURITY HOME INVESTMENT COMPANY, et al., Appellees.

No. A2976.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 12, 1982.

Donald L. Martin, Houston, for appellants.

G. William Rider, Griffith D. Lambdin, Galveston, for appellees.

Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ.

JUNELL, Justice.

Appellants James C. Brady, Trustee, and O.B. Scribner, plaintiffs in the court below, brought suit against defendants Security Home Investment Company, Sandra Hawkins Kobs, James A. Hawkins II, Marjorie Lee Hawkins, Moody National Bank of Galveston, Trustee, Texaco, Inc., and Gaddis Wittjen to recover bonus and delay rental payments made under an oil, gas and mineral lease executed by Gaddis Wittjen covering two tracts of land in Brazoria County, Texas, in which Appellees' predecessor in title, James A. Hawkins, deceased, had retained a one-fourth of one-eighth royalty interest and the right to participate equally in any bonuses and delay rentals under any oil, gas and mineral lease of the lands contained within said tracts. Appellants allege they are entitled to receive bonus and delay rental payments under the terms of four deeds to the tracts covered by that mineral lease and sought construction or reformation of those deeds to that effect. Trial was held before the court without a jury. Defendant Texaco, Inc., was granted summary judgment and defendant Wittjen was dismissed from the lawsuit with prejudice. The remaining defendants appear as appellees in this court. Appellants' four points of error attack the trial court's conclusion that the relevant deeds did not convey to Appellants the right to receive or participate in bonus or delay rental payments. The outcome of this appeal depends upon our answer to the following question: When, prior to the existence of an oil and gas lease on the relevant real property, a grantor who owns no more than a royalty interest and the right to share in bonus and delay rentals on that property expressly and unambiguously grants to another a "royalty interest" without express reservation or exception, does the grant include as a matter of law the right to share in bonus and delay rental payments? Our answer: No. Accordingly, we affirm the trial court's judgment in favor of appellees.

By deed dated March 12, 1949, James A. Hawkins conveyed to Wittjen four tracts of

land in Brazoria County, Texas, expressly reserving a one-fourth of one-eighth royalty interest, and grantor and grantee agreed that they, their heirs, executors, administrators and assigns would participate equally in any bonus and delay rental payments under any oil, gas and mineral lease on the property. It is not disputed that Hawkins' real property interest consisted of a royalty interest and the right to one-half the bonus and delay rentals. This lawsuit involves the construction of the following four deeds:

## MOODY DEED

By deed without warranty dated January 1, 1970, and hereafter referred to as Moody deed, Moody National Bank, as trustee under the will of James A. Hawkins, deceased, and his wife, Bertha M. Hawkins, deceased, conveyed to Security Home Investment Co. "all of its undivided interest in and to the real properties described below." Following that language is a list of fifteen tracts in Galveston County, three tracts in Brazoria County, and one tract in Jasper County, some of which are described simply as tracts of land, some as mineral interests, and some as royalty interests. Included in that list are two tracts in Brazoria County which are the subject of this lawsuit, described as follows:

Tract 2. Royalty interest in all of the oil, gas and minerals that may be produced ... reserved in the deed from James A. Hawkins to Gaddis Wittjen, dated March 12, 1949.

Tract 3. Royalty interest in 253.5 acres of land, . . . .

## HAWKINS II DEED

By warranty deed dated December 13, 1969, and hereafter referred to as the Hawkins II deed, James A. Hawkins II conveyed to Security Home Investment Co. "all of my undivided interest in and to the real property described in the below schedule." The Hawkins II deed contains a list of property similar to that contained in the Moody deed, including a tract relevant to this case described as

Tract 2. Royalty interest in all of the oil, gas and minerals that may be produced ... reserved in the deed from James A. Hawkins to Gaddis Wittjen dated March 12, 1949.

## KOBS DEED

By deed without warranty dated January 19, 1970, and hereafter referred to as the Kobs deed, Sandra Hawkins Kobs conveyed to Security Home Investment Company "all of my undivided interest in and to the real property described in the attached Exhibit 'A', which is incorporated herein for all purposes." Exhibit A contains a list of property similar to that contained in the Moody and Hawkins II deeds, including tracts 2 and 3 described in the same language used in the Moody deed.

## SECURITY DEED

By warranty deed dated August 12, 1970, and hereafter referred to as the Security deed, Security Home Investment Company conveyed to James C. Brady, Trustee, "all of the oil, gas and other minerals in and under and that may be produced from the following described lands." The Security deed then variously describes 24 properties, including two tracts involved in this lawsuit, as follows:

All of the minerals and/or royalty interest owned, claimed and/or held by the corporation, in all of the oil, gas and other minerals that may be produced from three tracts of land ... reserved in the deed from James A. Hawkins to Gaddis Wittjen, dated March 12, 1949.

All of the minerals and/or royalty interest claimed, owned and/or held by the corporation in 253.5 acres of land . . . .

The Security deed also contains the following provision:

This sale is made subject to any rights now existing to any lessee or assigns under any valid and subsisting oil and lease now of legal record; it being understood and agreed that Grantee shall have, receive and enjoy the herein granted interest in and to all bonuses, rents, royalties

and other benefits which have accrued and not been paid or which may accrue thereunder from and after the date hereof only insofar as it covers the above described property, precisely as if Grantee had been at the date of the making of said lease the owner of said interest in and to the property above described and Grantee the lessor therein.

To complete the scenario, Scribner claims a portion of bonus money and delay rentals by reason of a deed from Brady to Scribner dated January 23, 1971. On January 23, 1974, Wittjen entered into an oil, gas and mineral lease with J.B. Devine, an agent of Texaco, Inc., covering the relevant property and under which Appellants claim bonus and rental payments made to Appellees.

Appellants' first two points of error attack the trial court's construction of the Moody, Hawkins II, and Kobs deeds. Appellants contend the trial court erred in holding those deeds did not convey to Security Home Investment Co. the right to receive bonus or delay rentals with respect to the relevant Brazoria County property because each of the three deeds conveyed all of the grantor's interest in the real property described and contained no reservations. The thrust of Appellants' argument is that the language granting all of grantors' real property interest is not limited by the description of a "royalty interest" but is instead in conflict with that descriptive language in light of the grantors' references to the prior deed common in their respective chains of title. We do not agree, although in our opinion the Moody, Kobs, and Hawkins II deeds do indeed fall within the following rule of law cited by Appellants:

> [A] deed will pass whatever interest the grantor may have in the land, unless words are used showing an intention to convey a less estate. And, where the granting clause is apt to transfer all the interest of the grantor, an intention to convey a less estate than the grantor has is not manifested by a recital of grantor's source of title. Such a recital is usually regarded as mere descriptive matter and

does not restrict the granting clause. *Peavy-Moore Lumber Co. v. Duhig,* [119 S.W.2d 688 (Tex.Civ.App.—Beaumont 1938), opinion adopted, 135 Tex. 503, 144 S.W.2d 878 (Tex.1940)].

*Selman v. Bristow,* 402 S.W.2d 520, 523–4 (Tex.Civ.App.—Tyler), writ ref'd n.r.e., 406 S.W.2d 896 (Tex.1966).

The Moody, Kobs, and Hawkins II deeds conveyed several different types of interests in land—some described by lot and block or by metes and bounds, some described as mineral interests, and some described as royalty interests. A grantor may reserve mineral rights and may also reserve royalties, bonuses and rentals, either one, more, or all. *Schlitter v. Smith,* 128 Tex. 628, 101 S.W.2d 543, 544 (Tex.Comm'n.App. 1937, opinion adopted). While a reservation or grant of minerals or mineral rights without limitation would include royalties, bonuses, and rentals, a reservation or grant of only royalty rights does not include bonuses or rentals but encompasses only an interest in oil, gas or minerals paid, received, or realized as "royalty." *Id; Guess v. Harmonson,* 4 S.W.2d 124 (Tex.Civ.App.—Fort Worth 1928, no writ). Viewing the instruments as a whole, in our opinion the particular descriptions of the "royalty interest" in the property in dispute clearly demonstrate without uncertainty or ambiguity an intention to limit the grant to the royalty interest. The mere recital of grantor's source of title does not enlarge the grant of the specified royalty interest. See: *Coffee v. Manly,* 166 S.W.2d 377 (Tex.Civ.App.—Eastland 1942, writ ref'd).

Appellants further argue that Appellees cannot properly be left with the right to claim delay rentals and bonus payments on land in which they have retained no other interest. In support of their position Appellants cite *Alfrey v. Ellington,* 285 S.W.2d 383 (Tex.Civ.App.—Eastland 1955, writ ref'd n.r.e.) [which relies in relevant part on *Humble Oil & Refining Co. v. Harrision,* 146 Tex. 216, 205 S.W.2d 355 (1947)] and *Harris v. Currie,* 142 Tex. 93, 176 S.W.2d 302 (1943). Appellants rely strongly on the following persuasive language from the Texas Supreme Court opinion in *Harris v. Currie:*

Under such a record, [grantor] had nothing left upon which to base a claim for these delay rentals. It would be unreasonable to say that [grantor] can collect delay rentals on the thing he has entirely parted with, when such rentals accrued after he had divested himself of such entire title.

176 S.W.2d at 305.

Unlike the present case, the three cases cited above involve conveyances of *mineral interests* and, contrary to Appellants' position, support the notion that the right to bonus payments and delay rentals generally follows ownership of the mineral title and the right to execute future leases. See, e.g., *Houston v. Moore Investment Co.,* 559 S.W.2d 850 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ.). In light of the clear and understandable language of the Moody, Kobs, and Hawkins II deeds, we think the trial court properly concluded that those grants of specified royalty interests did not include the right to bonus and delay rental payments. We therefore overrule Appellants' first and second points of error.

■ As Appellants state in their brief, their third and fourth points of error are based upon their contention that the Moody, Kobs, and Hawkins II deeds granted to Security Home Investment Co. the right to receive bonus and delay rental payments on the subject property and, therefore, those rights were conveyed to Brady by the Security deed. As we have already discussed, we reject Appellants' major premise that Security Home Investment Co. had thus acquired the right to receive bonus and delay rental payments on the subject property. Although the language of the Security deed clearly *purports* to convey the right to receive bonus payments and delay rentals, Security Home Investment Co. had acquired no such interest in the subject property. Therefore, contrary to Appellant's contention in their third point of error, the trial court did not err by rendering judgment that Appellants did not acquire the right to bonus payments and delay rentals via the Security deed. It also follows that Appellants' final point of error is without merit. Appellants argue that Appellees had received bonus and delay rental payments which rightfully belong to Appellants and, therefore, the trial court erred by holding that Appellants were not entitled to any recovery from Appellees. Although Plaintiffs' Original Petition alleges breach of warranty and prays alternatively for damages or favorable construction or reformation of the deeds in question, Appellants have presented points of error related only to the trial court's construction of the relevant deeds. As we have already discussed, Appellants did not acquire the right to delay rentals and bonus payments from the four deeds construed in this lawsuit. We overrule Appellants' third and fourth points of error.

This lawsuit concerned only the right to bonus and delay rental payments made under an oil and gas lease covering the subject property. There was no pleading by any party which put in issue the title to the royalty interest claimed by James C. Brady, Trustee, and O.B. Scribner. Therefore, the trial court's judgment and this court's opinion and judgment do not affect and should not be interpreted to affect the existence, extent or proportion of ownership of royalties in the subject property. For that reason, the recitation in the trial court's judgment that "[a]ll relief not specifically herein granted is specifically denied" applies only to the right to bonus and delay rental payments. We affirm the trial court's judgment as to such rights.