ACCEPTED
13-15-00012-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
5/22/2015 4:38:45 PM
DORIAN RAMIREZ
CLERK

## CAUSE NO. 13-15-00012-CV

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
5/22/2015 4:38:45 PM
DORIAN E. RAMIREZ
Clerk

BENEDICT G. WENSKE AND ELIZABETH WENSKE

v.

STEVE EALY AND DEBORAH EALY

---

FROM THE 25TH JUDICIAL DISTRICT COURT
OF LAVACA COUNTY, TEXAS,
THE HONORABLE WILLIAM D. OLD, III PRESIDING

---

APPELLANTS' REPLY BRIEF

---

ADAM T. USZYNSKI
MEIER, BRADICICH & MOORE, LLP
P.O. BOX 550
VICTORIA, TEXAS 77902
(361) 573-4344
(361) 573-1040 (FAX)

*ATTORNEY FOR APPELLANTS*

BENEDICT G. WENSKE AND ELIZABETH WENSKE

V.

STEVE EALY AND DEBORAH EALY

FROM THE 25ᵀᴴ JUDICIAL DISTRICT COURT
OF LAVACA COUNTY, TEXAS,
THE HONORABLE WILLIAM D. OLD, III PRESIDING

APPELLANT'S REPLY BRIEF

TO THE HONORABLE JUSTICES OF THE THIRTEENTH COURT OF APPEALS:

Appellants, Benedict G. Wenske and Elizabeth Wenske, respectfully submit this Reply Brief in response to Appellee's Brief. Except when necessary for context, Appellants do not repeat their arguments from their opening brief and confine their reply to issues raised in Appellee's brief.

## TABLE OF CONTENTS

Index of Authorities .................................................................................................. ii

Introduction ............................................................................................................... 1

Argument ................................................................................................................... 2

1.  Appellee's argument ignores the granting clause of the deed
    at issue and circumvents a correct construction of the deed
    from its four corners as required under Texas law ......................... 2

2.  There is no authority for the position taken by Appellees that
    Appellants were required to add additional language in
    order to transmit the burden of the previously reserved
    non-participating royalty interest to the interests conveyed
    to Appellees ................................................................................... 4

Prayer ....................................................................................................................... 7

Certificate of Service................................................................................................ 9

# INDEX OF AUTHORITIES

Cases

*Altman v. Blake,* 712 S.W.2d 117, 118 (Tex. 1986) ........................................... 7

*Bass v. Harper*, 441 S.W.2d 825 (Tex. 1969) .................................................... 4

*Graham v. Prochaska*, 429 S.W.3d 650, (Tex. App. –San Antonio, 2013) ..... 5

*Pich v. Langford*, 302 S.W.2d 645, 650 (Tex. 1957) ........................................ 5

*Plainsman Trading Co. v. Crews*, 898 S.W.2d 786, 788 (Tex. 1995) .............. 5

*Selman v. Bristow*, 402 S.W.2d 520, 523 (Tex. 1966) ...................................... 6

## INTRODUCTION

Appellees go to great lengths to add additional steps to the straightforward analysis of a straightforward problem. In doing so Appellees attempt to render the granting clause of the deed at issue without effect rather than reading it in harmony within the four corners of the deed. Appellees further try supplant controlling case law with portions of distinguishable cases in an effort to circumvent the clear effect of the language in the deed. The outcome Appellees seek is unsupported by any controlling case law.

## ARGUMENT

**1. Appellee's argument ignores the granting clause of the deed at issue and circumvents a correct construction of the deed from its four corners as required under Texas law.**

Appellees frame their argument based on the assertion that only two portions of Appellants' deed to Appellees' control the interpretation of the deed. *See Appellees' Brief, pg. 1*. Appellees state that the only portions of the deed which are relevant to the analysis and disposition of the case at bar are the paragraphs in the deed entitled "Reservations from Conveyance" and "Exceptions to Conveyance and Warranty." *See Petitioner's Motion for Summary Judgment for Declaration of Royalty Interests, Exhibit B.*

Appellees' argument from this starting point overlooks the granting clause of the deed entirely and precludes a correct review of the deed from its four corners (*see Appellants' Brief, pgs 9-11*). In construing the deed these two clauses are vital; however, the language set forth in the granting clause of the deed clearly incorporates these two clauses and makes the grant in the deed subject to both of them. [1]

---

1 The granting clause of the deed from Appellants to Appellees states: "Grantor, for the Consideration and subject to the Reservations from Conveyance and the Exceptions to Conveyance and Warranty, grants, sells, and conveys to Grantee the Property, together with all and singular the rights and appurtenances thereto in anyway belonging, to have an to hold it to Grantee and Grantee's heirs, successors, and assigns forever. Grantor binds Grantor and Grantor's heirs and successors to warrant and forever defend all and singular the Property to Grantee and Grantee's heirs, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the Reservations from Conveyance and the Exceptions to Conveyance and Warranty." Petitioner's Motion for Summary Judgment for Declaration of Royalty Interests, Ex. B. pg. 2

2

When Appellants, as Grantors, conveyed the property, they did so expressly subject to the reservation and exceptions from warranty. Appellees are correct in their assertion that an exception limits the estate granted; by virtue of the grant made expressly subject to outstanding reservations and exceptions, the grant is made subject to the burden of those reservations and exceptions.

Appellees go to great lengths in an attempt to avoid this four corners construction of the deed; however, at the end of the analysis, a fair reading of the deed requires that the deed be construed as presented by Appellants. An illustration of this is clear from an examination of Appellees' argument. Appellees state that the construction sought by Appellants is entirely possible but continue to argue nonetheless that Appellants did not use "additional and unequivocal language which would serve to negate longstanding rules of deed construction." *See Appellees' Brief, pgs. 10-12*. Appellees however, cite no authority for this position whatsoever. Appellees are left in the position of demanding further clarification without a legal reason for requiring any further clarification.

**2.** **There is no authority for the position taken by Appellees that Appellants were required to add additional language in order to transmit the burden of the previously reserved non-participating royalty interest to the interests conveyed to Appellees.**

Appellees' attempts to distinguish *Bass v. Harper* as controlling the outcome of the case at bar rely on trivial differences and are insufficient to do so. Among the distinctions pointed out are that the *Bass* deed does not contain a reservation and that the *Bass* deed conveys "all that…one-half interest in and to…" the subject property. *See Appellees' Brief, pgs. 23-24.* These distinctions are immaterial to the outcome of the case. It is perfectly acceptable to convey a half an interest in property to another party under Texas law. If a party owning all of the mineral and all of the surface interest in a tract of real property conveys half of that interest, has that party not, for all intents and purposes, reserved a portion of that tract? The conveying party has achieved the same result as would be achieved if the conveying party had drafted a deed that conveyed all of the property subject to a reservation of one-half of their interest in the property.

No case at bar can be expected to match the facts of the controlling case law exactly; however, the analysis and result reached in *Bass v. Harper* fits the facts of

4

the case at bar far closer than the cases cited by Appellee in support of Appellee's position.

In *Pich v. Langford*, the Supreme Court submitted in dicta at the end of the opinion that the royalty interest adjudged to one of the parties would be carved proportionately from the two mineral ownerships. *Pich v. Langford*, 302 S.W.2d 645, 650 (Tex. 1957). The decision in *Pich* was based on whether or not the exception language in successive conveyances correctly referenced prior reservations as either interests in minerals in place or interests in royalty. *Id at* 339-342. *Pich* was based on a far more complex factual background stemming from an entirely different cause of action at the trial court level. *Id at* 337. Notwithstanding that, the language relied on by Appellees is clearly dicta as the Court offered no analysis as to why that outcome would be correct, which leaves any conclusion based on that language in the opinion on very unstable legal footing.

Similarly, the other cases cited by Appellees are also distinguishable. For example, *Plainsman Trading Co. v. Crews* addressed a question of ownership of uranium deposits. *Plainsman Trading Co. v. Crews*, 898 S.W.2d 786, 788 (Tex. 1995). In *Graham v. Prochaska*, the San Antonio Court of Appeals addressed a question of whether a reservation of a specified amount of royalty was either fixed or floating. *Graham v. Prochaska*, 429 S.W.3d 650, (Tex. App. –San Antonio, 2013).

5

Likewise, in *Selman v. Bristow*, the plaintiff-grantors did not disclose the existence of an outstanding royalty interest when they made their conveyance to grantee-defendants – a key factual distinction the Tyler Court of Appeals relied upon in reaching its conclusion. *Selman v. Bristow*, 402 S.W.2d 520, 523 (Tex. 1966) The conclusion in *Selman* is dependent on a *Duhig* analysis and the petitioner-grantor was charged with the entire burden of the unexcepted royalty reservation while the defendant-grantee was given the benefit of the remaining 3/4ths interest in minerals (which presumably included the mineral estate). *Id at* 524.

If *Selman* provides an example of the penalty for failing to disclose a prior reservation, then what is the reward? Appellees have already stated (in the trial court and now on appeal) that Appellants can tax them entirely with the burden of the prior royalty reservation but have failed to do so because Appellants didn't do so expressly according to a standard which their authority does not support. *See Defendants Motion for Traditional Summary Judgment, Paragraph 17*. The answer to the above question, under the law of this state, is that the grantor is rewarded with the receipt of the benefit of his full reservation, which in the case at bar is an "undivided 3/8ths of all oil, gas, and other minerals in and under and that may be produced from the Property." These benefits include the right to develop, the right to lease, the right to receive bonus payments, the right to receive delay rentals, and the

6

right to receive royalty payments on 3/8ths of the oil, gas and other minerals Appellants reserved for themselves. *See Altman v. Blake,* 712 S.W.2d 117, 118 (Tex. 1986).

## PRAYER

Appellants, Benedict G. Wenske and Elizabeth Wenske, respectfully request that the trial court's judgment be reversed and rendered.

Respectfully submitted,

MEIER, BRADICICH & MOORE, LLP
111. S. Main
P.O. Box 550
Victoria, Texas 77902
Telephone: (361)573-4344
Telecopier: (361)573-1040
E-mail:     adamu@victoriatxlawyers.com

by: _____
　　　Adam T. Uszynski
　　　State Bar No. 24069182

ATTORNEY FOR APPELLANTS

## CERTIFICATE OF COMPLIANCE
## WITH TEXAS RULE OF APPELLATE PROCEDURE 9.49(i)(3)

The undersigned certifies that the foregoing document contains 1,690 words, exclusive of the contents excluded under Tex. R. App. P. 9.4(i)(1).

ADAM T. USZYNSKI

# CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of Appellant's Brief was forwarded to all parties as indicated below in accordance with the Texas Rules of Appellate Procedure on the 22nd day of May, 2015 as follows:

ADAM T. USZYNSKI

Robert C. McKay
State Bar No. 13690800
Bobby M. Maiden
State Bar No. 24088893
McKay & Coffey, LLP
One O'Connor Plaza, Ste. 305
P.O. Box 2469
Victoria, Texas 77902-2469
Telephone: 361-894-8975
Telecopier: 361-894-8973
Email: rmckay@mckaycoffey.com
Email: bmaiden@mckaycoffey.com

Thomas F. Lillard
State Bar No. 12352900
Lillard Wise Szygenda, PLLC
5949 Sherry Lane, Suite 1255
Dallas, Texas 75225
Telephone: 214-739-2007
Telecopier: 214-739-2010
Email: tlillard@lwsattorneys.com